IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORY GROSHEK,

                                                                                          OPINION & ORDER

                    Plaintiff,

v.                                                                                              15-cv-143-jdp

GREAT LAKES HIGHER
EDUCATION CORPORATION,

                    Defendant.

---

      Plaintiff Cory Groshek has sued defendant Great Lakes Higher Education Corporation in a proposed class action for allegedly violating the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* Groshek seeks statutory damages rather than actual damages, but statutory damages are available only for willful violations. Great Lakes has moved to dismiss Groshek's class action complaint, contending that it fails to adequately plead willfulness. Dkt. 10. The court concludes that the complaint adequately alleges willfulness, and the motion to dismiss will be denied.

      Great Lakes has also objected to the magistrate judge's order granting Groshek's motion to compel discovery. Dkt. 32. The court will overrule the objection.

ALLEGATIONS OF FACT

      At this point in the case, the court accepts Groshek's well-pleaded factual allegations as true and draws all reasonable inferences from those facts in his favor. *Transit Exp., Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2011).

      Groshek applied for a job with Great Lakes in February 2014. In Groshek's application, he authorized Great Lakes to conduct a background check on him and to procure

his credit report. The document that Groshek signed contained the following statement: "I release all parties for all liability for any damage that may result from furnishing information, including my providing my birth date to Verifications, Inc. [a third-party consumer reporting agency] if requested, and this authorization to Great Lakes and Verifications, Inc." Dkt. 1-3. After Groshek signed the document, Great Lakes obtained Groshek's credit report on February 20, 2014. The following week, Groshek learned that Great Lakes had obtained his credit report. Dkt. 29-1, at 5-6.

On March 5, 2015, Groshek timely filed this proposed class action lawsuit alleging that Great Lakes willfully violated the FCRA by obtaining his credit report without first providing him with a proper consumer credit report disclosure. Because the FCRA is a federal statute, the court has subject matter jurisdiction under 28 U.S.C. § 1331.

ANALYSIS

The FCRA requires anyone who procures a consumer report for employment purposes to first provide the consumer with "a clear and conspicuous disclosure . . . in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A). The statutory provision expressly allows the consumer's written authorization for the report to be on the disclosure document. But by the terms of the statute, the document must otherwise consist "solely" of the disclosure. Willful violations of the FCRA include both knowing and reckless actions. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-60 (2007).

**A. Motion to dismiss**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Groshek's claim is plausible if he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (internal citations and quotation marks omitted).

To violate the FCRA willfully, Great Lakes must have acted intentionally or at least recklessly, with an "unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco*, 551 U.S. at 68 (internal citations and quotation marks omitted). Recklessness in this context requires more than a careless reading or a reasonable misinterpretation of the FCRA; it requires objectively unreasonable action. *Id.* at 69.

There is no appellate authority and district courts have split on whether including a liability release in a consumer credit report disclosure constitutes a violation of the FCRA. The courts holding that liability releases violate the FCRA rely on a plain reading of the statutory text and emphasize that the law mandates "a clear and conspicuous disclosure . . . in a document that consists solely of the disclosure." 15 U.S.C. § 1681b(b)(2)(A); *see Groshek v. Time Warner Cable, Inc.*, No. 15-cv-157, 2015 WL 4620013, at *2 (E.D. Wis. July 31, 2015); *Speer v. Whole Food Mkt. Grp., Inc.*, No. 14-cv-3035, 2015 WL 1456981, at *3 (M.D. Fla. Mar. 30, 2015); *Milbourne v. JRK Residential Amer., LLC*, No. 12-cv-861, 2015 WL 1120284, at *6-7 (E.D. Va. Mar. 11, 2015); *Miller v. Quest Diagnostics*, 85 F. Supp. 3d 1058,

1061 (W.D. Mo. 2015); *Dunford v. Am. DataBank, LLC*, 64 F. Supp. 3d 1378, 1388 (N.D. Cal. 2014); *Avila v. NOW Health Grp., Inc.*, No. 14-cv-1551, 2014 WL 3537825, at *2 (N.D. Ill. July 17, 2014); *Reardon v. Closetmaid Corp.*, No. 08-cv-1730, 2013 WL 6231606, at *10-11 (W.D. Pa. Dec. 2, 2013); *Singleton v. Domino's Pizza*, No. 11-cv-1823, 2012 WL 245965, at *9 (D. Md. Jan. 25, 2012); *and EEOC v. Video Only, Inc.*, No. 06-cv-1362, 2008 WL 2433841, at *11 (D. Or. June 11, 2008). A substantial majority of cases that have considered the issue have gone Groshek's way in concluding that the inclusion of the waiver on the disclosure document is a violation of the FCRA.

But a few courts have held that including a liability release on the disclosure would not violate the FCRA, at least not clearly so, emphasizing that there is a "dearth of case law interpreting" the pertinent statutory language. *Syed v. M-I LLC*, No. 14-cv-742, 2014 WL 4344746, at *3 (E.D. Cal. Aug. 28, 2014); *Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689, 695-96 (S.D. Ohio 2009). These courts reasoned that absent definitive judicial guidance, the statute is less than perfectly clear, and a company's interpretation of the FCRA, even if technically inconsistent with the statutory language, cannot be characterized as unreasonable. Another court reasoned that a one-sentence release was "not so great a distraction as to discount the effectiveness of the disclosure." *Smith v. Waverly Partners*, No. 10-cv-28, 2012 WL 3645324, at *5-6 (W.D. N.C. Aug. 23, 2012).[1]

In the absence of binding appellate authority, the court will follow the approach taken by the majority of district courts, based on the express language of the statue, which is the

---

[1] Great Lakes also relies on *Gardner v. Appleton Baseball Club, Inc.*, No. 09-cv-705, 2010 WL 1368663, at *1 (E.D. Wis. Mar. 31, 2010). But that case involves an unrelated provision of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c, and it evaluates the sufficiency of a complaint that did not allege particularized facts about information displayed on credit card receipts. Gardner is not sufficiently analogous to be persuasive.

starting point for any statutory interpretation. *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 175 (2009) ("Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose" (internal quotation marks omitted)). By the terms of the statute, the required conspicuous disclosure about the report must consist *solely* of the disclosure, with the only exception being the consumer's authorization for the report. The statutory language is the end of the analysis when the statutory language is unambiguous, as it is here. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) (The "inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent." (internal quotation marks omitted)). Including a sweeping waiver of the consumer's rights on the disclosure is inconsistent with 15 U.S.C. § 1681b(b)(2)(A).

The court also concludes that Groshek's complaint adequately alleges that Great Lakes acted willfully. Groshek's complaint includes more than legal conclusions and threadbare recitals of the elements. The complaint alleges that Great Lakes acted willfully not only by providing him with a deficient disclosure, but also by certifying to the third-party consumer reporting agency that its disclosure complied with the FCRA's requirements. Dkt. 1, ¶¶ 21-34. The complaint also alleges that Great Lakes took these actions in the face of unambiguous statutory language and long-standing judicial and regulatory guidance. *Id.* ¶ 33. As Great Lakes points out, the guidance is not binding and it is not unequivocal, but at the pleading stage, it is sufficient to raise the inference that Great Lakes was objectively reckless in preparing and using a disclosure form that does not conform to the express terms of the FCRA. It would greatly undermine the purposes of the FCRA if a defendant, after the fact of a violation, could defeat an allegation of willfulness simply by coming up with some arguable

5

ambiguity in the FCRA's statutory requirements. *Safeco*, 551 U.S. at 48 ("the ambitious objective of FCRA's statement of purpose . . . uses expansive terms to describe the adverse effects of unfair and inaccurate credit reporting and the responsibilities of consumer reporting agencies.").

One final point: allegations about the mental state of a defendant, such as the willfulness allegation here, must necessarily be based on the circumstantial information available to the plaintiff. *Pavlick v. Mifflin*, 90 F.3d 205, 209 (7th Cir. 1996) ("Direct evidence of knowledge is difficult—sometimes impossible—to obtain"). Under *Twombly* and *Iqbal*, a plaintiff is not required to prove his case at the pleading stage; the plaintiff does not even have to show that the allegations are probable. *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). All that is required is that the plaintiff alleges facts that make it plausible that the defendant has committed the alleged violation. Groshek has alleged sufficient circumstantial facts concerning Great Lakes's potential willfulness to clear that low hurdle. Great Lakes's motion to dismiss will therefore be denied.

**B. Motion to compel pre-certification discovery**

Groshek's Interrogatory No. 2 asked Great Lakes to identify "all job applicants for whom Great Lakes Higher Education Corporation requested a consumer report on or after March 5, 2010, including name, address, telephone number(s) and e-mail address." Dkt. 27-1, at 4. Great Lakes did not object to providing this information for some potential class members, and it responded to Groshek's interrogatory with names and contact information for more than 900 potential class members. Dkt. 33, at 1. However, Great Lakes provided the information about individuals for whom the company obtained a credit report in only the

preceding two years, as opposed to the preceding five years as Groshek had requested. In response, Groshek moved the court to compel production of names and contact information dating back three more years. Dkt. 26. The magistrate granted Groshek's motion. Dkt. 31 and Dkt. 34-1. Great Lakes timely objected to the magistrate's order, Dkt. 32, and it argues that because Groshek learned of the violation shortly after it happened, the class should be constrained to a two-year time period.

Under Federal Rule of Civil Procedure 72(a), a party may object to a magistrate judge's order on a non-dispositive motion, which a district court judge may modify or set aside if it is clearly erroneous or contrary to law. The magistrate judge's order compelling information about potential class members going back five years was neither clearly erroneous nor contrary to law. Groshek is entitled to the discovery and the court will overrule Great Lakes's objection.

The FCRA provides that a plaintiff must file suit by either two years after the date that he discovered the alleged violation, or five years after the date of the violation itself, whichever period expires earlier. 15 U.S.C. § 1681p. A violation is not complete until the employer obtains the credit report without proper disclosure. *See id.* § 1681b(b)(2). The parties contest which time period is applicable in this case and how far back discovery must reach. *Compare* Dkt. 26, *with* Dkt. 30. But all agree that the correct time period depends on whether and when each potential class member learned of the violation.

At this point, Groshek does not yet know how many total class members there may be, who they are, or whether they ever learned about a FCRA violation. At the very least, Groshek is entitled to discovery about the *number* of individuals for whom Great Lakes obtained a credit report within the five years preceding the filing of Groshek's complaint,

7

who also received a deficient disclosure at some point before Great Lakes ran each credit report. This information is relevant to the size and scope of the potential class, even if the potential members are later excluded from a certified class. *See* Fed. R. Civ. P. 26(b)(1).

The general rule is that the names and contact information of potential class members are not discoverable before certification. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352-54 (1978). However, Groshek may be entitled to this information if the names or contact information had "any bearing . . . on issues in the case." *Id.* at 352, 354 n.20 ("There may be instances where this information could be relevant to issues that arise under Rule 23 [e.g., numerosity, commonality, and adequacy of representation], or where a party has reason to believe that communication with some members of the class could yield information bearing on these issues or other issues."). The exception might well apply here, and for that reason the magistrate's ruling is not clearly erroneous.

The individuals for whom Great Lakes obtained a credit report after March 5, 2010, are potential class members unless and until discovery reveals that they became aware of the alleged violation more than two years before Groshek filed his complaint. Any later exclusion of these potential class members will be attributable to the applicability of Great Lakes's statute of limitations defense, not because the substance of their claims lacks commonality with the rest of the class. In the meantime, the best way to learn whether and when they each learned of an alleged violation is by communicating with them. Other options, like asking the third-party agency whether and when it sent notifications to class members, would not be as effective because the critical information is the members' own knowledge of the facts comprising the potential violation of the FCRA. Great Lakes' objection is overruled.

ORDER

IT IS ORDERED that:

1. Defendant Great Lakes's motion to dismiss the complaint, Dkt. 10, is DENIED.

2. Defendant's appeal of the magistrate judge's decision granting plaintiff Cory Groshek's motion to compel, Dkt. 32, is OVERRULED.

3. Defendant is ordered to supplement its response to Interrogatory No. 2 to provide the names and contact information of job applicants for whom it has requested a credit report on or after March 5, 2010.

Entered November 16, 2015.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge