IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORY GROSHEK,

                            Plaintiff,

    v.                                                              OPINION & ORDER

GREAT LAKES HIGHER
EDUCATION CORPORATION,                            15-cv-143-jdp

                            Defendant.

---

Plaintiff Cory Groshek sued defendant Great Lakes Higher Education Corporation in a proposed class action for violating the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*. He accused Great Lakes of willfully procuring credit reports for job applicants using an improper credit report disclosure. The parties have now reached a settlement agreement and request certification of the class and preliminary approval of the settlement agreement. The court will certify the proposed class, preliminarily approve the settlement, appoint a class representative and class counsel, approve notice and order it sent, and schedule a final fairness hearing.

BACKGROUND

After applying for a job with Great Lakes in February 2014, Groshek authorized Great Lakes to conduct a background check and procure his credit report. The disclosure that Groshek signed contained the following statement: "I release all parties for all liability for any damage that may result from furnishing information, including my providing my birth date to Verifications, Inc. [a third-party consumer reporting agency] if requested, and this authorization to Great Lakes and Verifications, Inc." Dkt. 1-3. After Groshek signed the

disclosure, Great Lakes obtained Groshek's credit report on February 20, 2014. The following week, Groshek learned that Great Lakes had obtained his credit report. Dkt. 29-1, at 5-6.

On March 5, 2015, Groshek sued Great Lakes on behalf of a class for willful FCRA violations. He alleged that Great Lakes had obtained his credit report without first providing him with a proper consumer credit report disclosure. After the court denied Great Lakes's motion to dismiss, the parties engaged in discovery, including depositions. They attempted mediation, but were unsuccessful. After Great Lakes made an offer of judgment, the parties again attempted to settle the case and reached an agreement.

Because the FCRA is a federal statute, the court has subject matter jurisdiction under 28 U.S.C. § 1331.

ANALYSIS

The parties have moved for class certification and preliminary approval of their settlement, as required under Federal Rule of Civil Procedure 23(e). The court will first certify the class and then approve the settlement.

**A. Class certification**

The parties request certification of a proposed class of: all individuals in the United States for whom Great Lakes procured, or caused to be procured, a consumer report as part of any employment process from March 5, 2013, through June 30, 2014.

To be certified, Rule 23(a) requires that a class satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation. The class must also satisfy one subsection of Rule 23(b). In this case, Rule 23(b)(3) applies; it requires a showing that the common issues predominate other issues, and that the class action method provides the best

way to resolve those issues. *See Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894, 898 (7th Cir. 1999) ("When substantial damages have been sought, the most appropriate approach is that of Rule 23(b)(3), because it allows notice and an opportunity to opt out."). In a settlement context, the court rigorously examines whether the class meets the requirements, in an effort to mitigate the lack of an adversarial relationship between the parties, and to identify potential conflicts of interest. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 629 (7th Cir. 2014), *cert. denied sub nom.*, *Nicaj v. Shoe Carnival, Inc.*, 135 S. Ct. 1429 (2015). Accordingly, plaintiffs must go beyond their pleadings and use evidentiary proof to satisfy Rule 23. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).

### 1. Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder is impracticable. There is no explicit cut-off, but the Seventh Circuit has found classes of 40 members to be sufficient. *See Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969). The parties represent that there are 892 people who fall within the proposed class, which is large enough to make joining them all impracticable. The proposed class satisfies the numerosity requirement.

### 2. Commonality

Rule 23(a)(2) requires "questions of law or fact that are common to the class." But the more apt analysis is whether there are common answers to those questions. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Here, the class members all suffered the same conduct: Great Lakes procured their credit reports with the same improper disclosure. The class also shares common questions of law: whether Great Lakes's improper disclosure was willful and whether it is actionable. Because the answers to these questions would resolve

class members' issues without individualized determinations, the class satisfies the commonality requirement.

### 3. Typicality

Typicality is satisfied if the class representative's claims have "the same essential characteristics" as the class members' claims. *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (citation omitted). Groshek seeks appointment as class representative. He is a member of the class and has the same claims as the rest of the class based on the disclosure form that Great Lakes provided him before it ran his credit report. He satisfies the typicality requirement and will be appointed class representative.

### 4. Adequacy of representation

The question of adequate representation involves two inquiries: (1) whether the class representative's interests are aligned with those of the class; and (2) whether class counsel is capable of litigating the case. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011), *as modified*, (Sept. 22, 2011). As a member of the class, Groshek has no apparent conflicts with the rest of the class. His interest in resolving the matter is the same as the class's interest. The only added benefit that he seeks is an extra $7,200 for his service, as provided in the settlement agreement. Dkt. 45-1, at 4. That amount is reasonable for his service. Accordingly, he is an adequate representative.

Attorneys from two law firms seek appointment as class counsel: Heath P. Straka of Gringas, Cates & Luebke, and Michael Modl of Axley Brynelson, LLP. The court must consider the work that counsel did to identify and investigate the claims, counsel's experience in similar cases, counsel's knowledge of the law, and the resources that counsel will commit to the representation. Fed. R. Civ. P. 23(g)(1)(A). Attorneys Straka and Modl have represented

Groshek since he filed the case. They investigated the claims, and conducted legal research and extensive discovery. They engaged in motion practice and negotiated the proposed settlement agreement in this case. Straka and Modl's history with this case suggests that they have competently and vigorously represented the class thus far. They also represent that they have successfully handled other class action cases in this district. In addition to the significant resources that Straka and Modl have already expended in this case, they represent that they will dedicate sufficient resources to see the case through the administration of the settlement. Accordingly, Straka and Modl have satisfied the Rule 23 requirements and will be appointed class counsel.

### 5. Rule 23(b)(3)

Groshek and the class that he represents seek monetary damages and equitable relief. But the parties agree to use Rule 23(b)(3) for class certification, despite the requested equitable relief. *See Lemon v. Int'l Union of Operating Eng'rs, Local No. 139*, 216 F.3d 577, 581 (7th Cir. 2000) (providing three options for cases involving both forms of relief, including certification under Rule 23(b)(3)). Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." To determine whether that is the case, courts consider the class members' interests in individually controlling their own claims, the nature and extent of any other litigation about the controversy, the desirability of concentrating the litigation here, and any management challenges that the case may present. Rule 23(b)(3).

First, although class members have an interest in controlling their own claims, they also have an interest in the efficient resolution of their claims, which the class action and

proposed settlement provide. Individually litigating each class member's claims would be expensive and time consuming. Second, there is no indication that any of the class members have other litigation related to the claims at issue in this case. Third, consolidating the issues into one case and resolving them is efficient. And finally, the case presents no management difficulties because the parties have settled. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems.").

The goal is to "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Id.* at 615 (citing Fed. R. Civ. P. 23 Advisory Committee Notes). Because consolidation of the class members' claims into a class action would accomplish that goal, a class action is the best way to proceed. The court will certify the class for the purpose of settlement.

B. **Preliminary settlement approval**

The parties seek preliminary approval of their proposed settlement. The settlement agreement provides for a fund of $267,600, to compensate 892 class members. Dkt. 45-1. Attorney fees, costs, and incentive compensation for Groshek are not included in the amount. The agreement also lays out the procedures for notifying the class, getting final approval of the settlement, and administering it. To be approved, the settlement must be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C).

At this point, the parties seek only preliminary approval. After preliminarily approval, the parties will send notice to the class, provide the opportunity for opposition, and attend a

final fairness hearing to determine whether the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(3). To preliminarily approve the settlement, the court considers the strength of Groshek's case compared to the settlement amount; the complexity, length, and expense of the litigation; any opposition to settlement; the opinion of competent counsel; and the stage of the proceedings (including the amount of discovery completed) at the time of settlement. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

### 1. Strength of plaintiff's case on the merits balanced against the amount offered in settlement

The most important settlement-approval factor is "the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *Id.* (citations omitted). The settlement offers a $267,600 fund for 892 class members to each receive a certain pro rata amount. Each class member will receive at least $300, unless they opt out of the class. Extra money from uncashed checks or from class members opting out will be distributed among class members or donated to charity if the amount is too small to redistribute.

Appropriately, costs, including the cost of administering the fund, attorney fees, and incentive compensation have been excluded from the settlement amount for approval purposes. *Redman*, 768 F.3d at 630 ("[A]dministrative costs should not have been included in calculating the division of the spoils between class counsel and class members."). Those payments will be determined and approved at a later date.

On the other side of the scale, the merits of Groshek's claims are unclear. The FCRA requires anyone who procures a consumer report for employment purposes to first provide the consumer with "a clear and conspicuous disclosure . . . in a document that consists solely

of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A). But courts have not uniformly held that including a liability release violates the statutory provision. *Compare Groshek v. Time Warner Cable, Inc.*, No. 15-cv-157, 2015 WL 4620013, at *2 (E.D. Wis. July 31, 2015), *with Syed v. M-I LLC*, No. 14-cv-742, 2014 WL 4344746, at *3 (E.D. Cal. Aug. 28, 2014).

Additionally, to recover statutory damages, Groshek and the class must prove that Great Lakes acted willfully. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-60 (2007). In the FCRA context, that means that Great Lakes must have acted intentionally or at least recklessly, with an "unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 68 (internal citations and quotation marks omitted). Great Lakes may also contest the applicable statute of limitations period if the case continues.

These challenges present a real risk for the class in litigating the case to trial. Settlement offers sure payment against the risk that the class may not recover at all. Accordingly, this factor favors preliminarily approving the settlement.

### 2. Length, expense, and complexity of litigation

The potential length, expense, and complexity of litigating these claims through trial weigh in favor of settlement. Although litigation of these issues would not be particularly complex, prompt settlement benefits all parties by avoiding long, drawn-out litigation. It gives Groshek and the class members a meaningful amount of compensation, and it spares defendants the cost of continuing to pay their attorneys through a trial.

### 3. Opposition

The proposed settlement agreement provides for class member objections to the settlement within 45 days of receiving notice. At this point, court consideration of opposition is premature because the members have not yet had the chance to voice it.

### 4. Opinion of counsel

In deciding whether to approve the settlement, the court is "entitled to give consideration to the opinion of competent counsel." *Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996). Counsel support the settlement. They also have experience in litigating similar cases to settlement. They represent that the settlement agreement is the result of arm's-length negotiation. For the purpose of preliminarily approving the settlement, the court accepts counsel's opinion in favor of approval.

### 5. Amount of discovery and stage of proceedings

Groshek filed his complaint on March 5, 2015. Since then, the parties have engaged in extensive discovery and the complaint has survived a motion to dismiss. This progress represents significant time and resources and indicates that the parties have considered the merits and risks of litigating compared to settling. Accordingly, this factor weighs in favor of approval.

## C. Class notice and settlement administration

The parties have moved for approval of their proposed notice to the class. Dkt. 45-2. Although the parties do not seek appointment of a settlement administrator, it appears that they intend class counsel to serve that role. The court will expressly appoint them to do so.

Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances." It must plainly state the nature of the action, the definition of the certified

class, the issues, the option for members to appear through an attorney, the option to be excluded from the class, and the binding effect of judgment on participating class members. Fed. R. Civ. P. 23(c)(2)(B). Here, the proposed notice describes the case and settlement procedures in plain language. It describes the options open to class members, including the options to object and to exclude themselves. The parties propose mailing a copy of the notice to each class member via U.S. Mail and providing a website containing more information. Because the proposed notice satisfies the Rule 23 requirements, the court will approve it and order class counsel to send it to the class.

ORDER

IT IS ORDERED that:

1. The parties' joint motion for preliminary approval of class action settlement and joint stipulation for class certification, Dkt. 43, is GRANTED.

2. Cory Groshek is appointed class representative.

3. Heath P. Straka of Gringas, Cates & Luebke, and Michael Modl of Axley Brynelson, LLP are appointed class counsel. They are ordered to send notice to the class within 14 days of the issuance of this order.

4. All papers in support of final settlement approval must be filed by August 4, 2016. The final fairness hearing is scheduled for August 18, 2016, at 9:00 a.m.

Entered April 13, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge